THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DOROTHY ANN HOLMES, Appellant.

Third Department, July 16, 1981

### APPEARANCES OF COUNSEL

*Steven T. Wax, Public Defender (Edson A. Bostic* of
counsel), for appellant.

*Patrick D. Monserrate, District Attorney (Patrick H.
Mathews* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

The central issue presented by this appeal is the impact
of the trial court's rulings with respect to the testimony
of the prosecution's alibi rebuttal witnesses. The defendant,
aided and abetted by another person, was charged with for-
cibly stealing property consisting of a wallet and its con-
tents. On the date of her arraignment, August 6, 1979, the
People served on the defendant a demand that if defendant
intended to offer an alibi defense, she must "within eight
days of service of such demand, serve upon the people * * *
'notice of alibi,' reciting (a) the place or places where the
defendant claims to have been at the time in question, and

(b) the names * * * of every such alibi witness upon whom he intends to rely" (CPL 250.20, subd 1). Pursuant to the statute, defendant had until August 14, 1979, viz., eight days, to serve the demanded "notice of alibi". It was not served until September 19, 1979, 42 days after the date of demand. Defendant does not contend that she sought a court-authorized extension for good cause shown (CPL 250.20, subd 1). Despite the late compliance with the demand and the lack of authorization therefor, the People never moved against the "notice of alibi" or raised any objections when the witnesses identified in the "notice" testified at trial. It was the People's contention at trial, repeated herein, that defendant's tardy service of the required "notice" without court authorization relieved the People of its reciprocal duty of serving defendant or her counsel with a list of the witnesses the People proposed to offer in rebuttal to discredit defendant's alibi at trial (CPL 250.20, subd 2). Accordingly, the People presented four such witnesses over defendant's objections, and, further, the court, which permitted the rebuttal testimony, refused, upon application of defendant, to "grant an adjournment not in excess of three days" as required by the statute (CPL 250.20, subds 3, 4).

Without deciding whether the late filing of the "notice of alibi" by defendant excused the People from complying with its reciprocal statutory duty of serving a list of the rebuttal witnesses on defendant or her counsel, and without determining if the People's conduct in not moving against the tardy notice and not objecting to the testimony of defendant's alibi witnesses constituted a waiver of defendant's statutory noncompliance, we conclude that the court erred in not granting an adjournment not exceeding three days when the People called its first rebuttal witness and defendant made the application permitted by the statute (CPL 250.20, subds 3, 4). This conclusion, in our view, is in keeping with the 1974 amendments to CPL 250.20 which were legislatively intended to correct the lack of reciprocity in the unamended alibi notice statute which was found to be unconstitutional by the United States Supreme Court (*Wardius v Oregon*, 412 US 470). The statute, as amended, permits the court to exclude either alibi testimony or re-

buttal proof, depending on whether the defendant or the People have failed to comply with the terms of the statute. In the alternative, the court may, in the exercise of its discretion, "receive such testimony, but *before* doing so, it *must*, upon application of the people [or the defendant], grant an adjournment not in excess of three days" (CPL 250.20, subd 3; emphasis added). As stated in *Wardius v Oregon (supra,* p 476), "It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State".

Since without the testimony of the People's rebuttal witnesses proof of defendant's guilt was not overwhelming in the face of the defendant's alibi witnesses' testimony (cf. *People v Crimmins,* 36 NY2d 230), the error of the trial court was not harmless. Having concluded that a new trial is necessary, we reach no other issue.

The judgment should be reversed, on the law, and a new trial ordered.

KANE, J. (dissenting). Five alibi witnesses testified that they were with defendant at a party. The evidence given by the prosecution's four rebuttal witnesses was solely directed at the account related by one of them, Jerry Green, who had maintained he was with defendant at that party before, during, and after the subject robbery. Overall, it tended to demonstrate that Green could not have been in defendant's company at the party because he was involved in an unrelated shooting incident at another location. Green's credibility as an alibi witness had already been called into question through the prosecutor's cross-examination which revealed that he was defendant's brother; that he was a pimp; and that he had previously been convicted of robbery, burglary, weapons possession and aggravated assault.

Assuming, as does the majority, that a statutory violation occurred when the trial court accepted this rebuttal testimony in the absence of a prior adjournment, it does not follow that defendant's conviction must be reversed. Significantly, after this proof was received, the trial court did grant an adjournment of one day as requested by defense

counsel, yet there was no application to conduct a further examination of any rebuttal witnesses when the proceedings resumed. Thus, there is no rational possibility, much less a significant probability, that the particular error—accepting additional impeachment of a single alibi witness before rather than after a postponement in the trial—had any impact on the jury's verdict. Given the nature and quality of the proof against defendant, it cannot be thought the jury would have acquitted her had the rebuttal of Green's testimony been delayed (cf. *People v Crimmins*, 36 NY2d 230). No other errors were preserved or appear in this record and, accordingly, the judgment should be affirmed.

SWEENEY and CASEY, JJ., concur with MAHONEY, P. J.; KANE and HERLIHY, JJ., dissent and vote to affirm in an opinion by KANE, J.

Judgment reversed, on the law, and a new trial ordered.